You may proceed. My name is Tony Shaw from Prescott, Arizona, representing the Appellants' House. I'd like to first talk about my jury instruction argument that it's a matter of law for the judge. I'd like to say that based on the evidence that came out in court in this case, as a matter of law, the execution of this search warrant was unreasonable under the Fourth Amendment. Why? Because the sergeant who was in charge of the execution, HODAP, no more than five seconds was awaited after the knock and announcement. You know, you went to a jury, jury heard this evidence, you know, this group from the community, and they made a judgment about reasonableness. I think it is highly optimistic of you to think that we would reverse a jury determination of reasonableness. That's exactly what juries are best equipped to decide. Not in this case, Judge. They're there to decide the facts. What's so special about this case? Because this involves the policy decision of exigent circumstances versus the fundamental right of privacy in the home. That's a decision for the judge. The McConey decision that the Ninth Circuit ruled on several years ago said that's a decision, it's a de novo review decision, so it's a legal decision, not a factual. It's distinguished from the other claims we have in this case, excessive force and arrest, and unlawful arrest, because those involve what the officer knew. They do not involve the policy decisions of privacy in the home versus safety in the office. These cases usually come to us the other way, where the judge decides the question on a qualified immunity motion, and more often than not says, no, what I hold as a matter of law that the officers did was reasonable, and then says, you know, adds to the qualified immunity layer. And people on the other side say, no, no, no, this has to go to the jury. This is reasonableness. It's something that only the community can decide. Here you have a jury trial. And, you know, the peer, your peer, your client's peers did not see it that way. I don't see where we can interfere. Well, if a jury decides this in every case, you know, deciding reasonableness under the Fourth Amendment, that's always been, in criminal cases, civil cases, always a judge decision made, because it involves the policy decision of how much are we going to allow in exigent circumstances. You're weighing exigent circumstances. In criminal cases, it's in the context of a motion to suppress. And juries don't decide motions to suppress. That's just a preliminary question. That's for judges. But here we're dealing with a substantive judgment. You haven't cited a case, have you, a 1983 trial in which, on this kind of case, excessive force case, where the judge took the reasonableness issue away from the jury? You don't have a case directly on that? No. There hasn't been a — I haven't found a case on that point. I have the — So you can't say, as you said a minute ago, that, you know, the judge always decides it. It's not — I couldn't find a case either in this context. So it's kind of a — at best, from your point of view, at best it's an open question. But in every other context, as Judge Kudzinski says, it's — you know, it's — it doesn't involve a jury, right? But the judge decides it. Yes. The judge decides it. I did have a case, a 1983 case, where the judge was the trier of fact. It's a Ninth Circuit case. Well, that's what you could have done. You could have waived the jury. What? You could have waived the jury. Well, I don't have that absolute right, though. The other side could have had the jury if they wanted to. But I — I have a feeling you're tired of the lecture. Excuse me, Judge? I'm guessing that if you're tired of the lecture. Who knows? This is Arizona, right? Yes. This is in Arizona. The other — Well, anyway. I want to get also, based on the facts that came out, this was unreasonable search as a matter of law. There were no exigent circumstances. The security screen door, which they used — I'd like to bring out this fact that comes from their volume three of the appellees from Sergeant Hodab. They argue, and the trial judge found on summary judgment, that more time needs to be added because of the security screen door. However, as Sergeant Hodab testified, this security screen door wasn't a problem. At page 0850 on day four of the jury trial, he says — the question is, you've had experience with 15 or 20 of these kinds of doors, right? And the question was, did this concern you that you have these kinds of doors? He says, a little bit. And the question was, why just a little bit? Well, because we haven't had a whole lot of problems getting through those types of doors before. We had been able to do it fairly quickly. It's a direct quote. So that's not an exigent circumstance. The exigent circumstance, they argued in their response brief, there's only a small amount of marijuana involved in this case. That should be more easily disposed of in a small house. No case anywhere has said a small amount is an exigent circumstance that by itself requires the police to do the kind of overpowering thing they did in this case with the screaming and the yelling and the busting in the door and breaking down. So those — But once again, you have a jury of the community look at the facts. And this is not a case where the judge took the case away from the jury. This is a case where your clients had a chance to present their facts to the community. And members of the community, this is a fellow case, so they must have been unanimous, right? Correct. So you have a unanimous jury of your clients' peers making a judgment that the police did not do anything that was reasonable. I don't see where you — I mean, you can talk about what you perceive were the instructional errors, and we can talk about those. But standing there talking about reasonableness when you've had, what was it, eight people that you had a chance to select or help select — was it eight people, an eight-person jury? Yes. And they all went out, right? Yes. So that's pretty good. I mean, getting eight people to agree on anything, you know — But in this — It's not so easy. In this case, the jury shouldn't have determined reasonableness of this — one of the defense lawyers even submitted a jury instruction like mine, whereas you just determine how long was the wait. Or if there's an exigent circumstance — But the district judge wisely turned it down and said, this is a jury issue. And I can't conceive of a better way of determining these things. I mean, you've got the question — you've got the screen door, you've got the fact that it was at night, you've got the fact that it's a small house. There's also the fact there was a large pane window from which one could look from inside the house and see what's going on outside. There is the not trivial fact that your client has weapons. And people, I gather, in Arizona don't infrequently have weapons in their houses, which is something the police have to take into account. And thank God. I mean, you know, I think armed citizenry is our best defense against tyranny. So this is a good thing. But nevertheless, it's a dangerous thing if you're a policeman to be in something you have to take into account when you execute a warrant. And all of that gets presented to a jury, and they come up with an answer. And the nature of our system is that usually people say, OK, well, if I couldn't persuade eight of my peers, I'm going to walk away and accept the verdict. All I will say in response is a jury shouldn't be deciding that. That's a judge decision. It's a policy decision. They should just decide facts. I will say, though, I'm going to use what you said for the other claims which we didn't get to go to the jury. That's the false arrest and the excessive force in arrest. And those reasonableness decisions have been made by juries. And it's because they're not doing a policy decision about the Fourth Amendment is what the officers know and their intent, which has always been jury decisions. We didn't get that. And we did have facts of provocation of the shooting, which was the only reason for it, based on the excessive noise and all the other stuff. I've got about 25 seconds I'd like to reserve if I could. Sure. OK. Thank you. Good morning. May it please the Court. My name is Jim Jellison. I represent the defendants who are employed by Yavapai County, and I'd like to focus my presentation on the Is there anything you heard today that wasn't adequately addressed in your brief? I'm sorry, Your Honor. Anything you heard today that wasn't adequately addressed in your brief? No, Your Honor. Well, thank you. Is that all you want to hear from me? Thank you. Thank you. Any other counsel feel differently on that? Yes, Your Honor. My name is Tom Lloyd. I represent the Prescott City of Prescott defendants. And do you believe that there are things said today that were not adequately presented in your brief? There is one thing I would like to say, Your Honor. OK. I would like to draw the analogy, if I may, I would like to draw the analogy about the focus on Pete Hodap's training, because that's the issue I was asked to address among the three counsel here. Was there something addressed today that wasn't adequately dealt with in your brief? I'm sorry? Was there something that was discussed today and was not adequately addressed in your brief? I think it was adequately addressed in my brief. Well, thank you, then. Thank you. Counsel, do you feel differently? Your Honor, we submit the case. Case submitted. Thank you. The case is argued. We'll stand submitted. We are adjourned. All rise. This court's procession stands adjourned.
judges: Kozinski, Tashima, Smith